[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of the sale of a sign business by the plaintiffs to the defendants. Trial was held by consent of the parties before an attorney trial referee in July 1992. In March, 1993, the attorney trial referee filed his report recommending judgment in favor of plaintiffs against defendants. Both parties then filed motions to correct the report, in accordance with Practice Book § 438.
In March, 1994, while the motions to correct were pending, the attorney trial referee ("ATR") placed two phone calls to Attorney Martin O'Neill. O'Neill was the plaintiffs' former attorney who testified for the plaintiffs during the trial. The ATR made the phone calls in order to procure a copy of a CT Page 5581 promissory note which he believed was an exhibit at trial. The ATR made these calls without obtaining consent from the defendants. O'Neill did not return the first call because of concern about the ex parte nature of the call. However, when the ATR called O'Neill a second time, O'Neill took the call. The ATR asked O'Neill to telecopy to him a copy of the promissory note which gave rise to one of the plaintiffs' claims during trial and O'Neill did so. The ATR shortly thereafter issued his ruling on the motions to correct.
The defendants have filed a Motion for Mistrial and Revocation of Reference to Attorney Trial Referee based on the ATR's ex parte communication with O'Neill. The plaintiffs object to the Motion.
There is no dispute that certain canons of the Code of Judicial Conduct apply to ATRs, including Canon 3A.(4), which provides in pertinent part
 A judge shall not initiate, permit or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
 (a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:
 (i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
 (ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.
The plaintiffs contend that the ATR did not violate this Canon of the Code of Judicial Conduct because of the "procedural CT Page 5582 exigency" of the ATR. The court finds no procedural exigency before the ATR. Having waited almost one full year to decide the motions to correct, the ATR certainly could have taken the time to send a letter to both counsel asking them to jointly provide a copy of the promissory note for his use. There is little question that the ATR's action in speaking with a trial witness and obtaining a copy of the promissory note from the witness created the appearance of impropriety in violation of Canon 2 of the Code of Judicial Conduct, which is also applicable to ATRs. The issue before the court is whether, given such an appearance of impropriety, the Motion for Mistrial and Revocation of Reference to Attorney Trial Referee should be granted.
Generally, mistrials should be granted only when it is apparent that because of an incident a party cannot have a fair trial. Shelnitz v. Greenberg, 200 Conn. 58, 80 (1986). An improper act of a judge does not automatically warrant a new trial in this state unless there has been prejudice to the unsuccessful party and ordinarily the burden of establishing such prejudice is on the party raising the issue. Aillon v.State, 168 Conn. 541, 547 (1975).
The court notes first that the defendants are not claiming that there was an actual impropriety in the phone conversation between the ATR and O'Neill. There is no claim that O'Neill provided evidence or information of an ex parte nature, only that the ATR asked for a copy of the promissory note and that O'Neill provided it, with the resulting appearance of impropriety.
The promissory note in question was payable to the plaintiffs as part of the purchase price for the sign business. The plaintiffs sought judgment on the note. In the second count of their complaint the plaintiffs alleged the existence of the note, the fact that it provided for monthly interest payments, that the failure to make any monthly payment could give rise to the acceleration of the note, and that the note provided for attorneys' fees and costs. Each of these allegations was admitted by the defendants in the answer which they filed.
Furthermore, the plaintiffs' complaint indicates that a copy of the note was appended to the complaint as an exhibit. Although it cannot be verified that a copy of the note was in fact annexed to the complaint, it is undisputed that a copy of CT Page 5583 the note was included as part of another exhibit which was admitted into evidence. The Asset Purchase Agreement between plaintiffs and defendants was admitted into evidence at trial as an exhibit. This agreement contained a copy of the promissory note as an exhibit to the agreement. As a result the ATR obtained an additional copy of a document which was already part of the record.
It is also important to recognize that at the time the ATR obtained the copy of the note, his report had already been filed. The ATR's report, forty-two pages in length, was filed in March 1993. In March 1994, when the ATR obtained the note, motions to correct were pending before the ATR. The defendants do not allege any prejudice to them in the rulings on the motions to correct resulting from the ATR's obtaining an additional copy of the note. Moreover, even if prejudice were claimed, the ATR's rulings on the motions to correct can be raised with the court by filing exceptions in accordance with Practice Book § 439.
The court finds no prejudice to the defendants from the incident in question. Nor have the defendants shown that they were treated unfairly in the ATR's ruling on defendants, Motion to Correct. The terms of the promissory note were not disputed at any time during this proceeding. Although the ATR acted improperly with the resulting appearance of impropriety, a mistrial under these circumstances is not warranted. The Motion for Mistrial and Revocation of Reference to Attorney Trial Referee is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE